**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON MICHAEL LANDRETH, | No. 2:20-CV-0472-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| BHUPINDER LEHIL, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for the appointment of counsel, ECF Nos. 7 and 8.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff cites the following factors warranting appointment of counsel: (1) his indigency; (2) his incarceration; and (3) limited access to the prison law library. See ECF Nos. 7 and 8. These are circumstances common to most inmate litigants and, as such, are not exceptional. Moreover, a review of the docket reflects that Plaintiff is able to articulate his claims on his own. In this regard, by separate order the Court has determined that Plaintiff's complaint is appropriate for service. Further, at this stage of the proceedings before any defendant has appeared or any discovery has been conducted, the Court cannot say that Plaintiff has any particular likelihood of success on the merits. Finally, the issues involved in this Eighth Amendment medical care case are neither legally nor factually complex.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for the appointment of counsel, ECF Nos. 7 and 8, are denied.

Dated: October 30, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE