IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MICHAEL LANDRETH, | No. 2:20-CV-0472-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| BHUPINDER LEHIL, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for leave to amend his original complaint. See ECF No. 38.

   The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of

1

judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Here, leave of Court is required because Plaintiff's motion was filed well beyond 21 days after service Defendants' answer. In his motion for leave to amend, Plaintiff argues that he should be permitted to amend the original complaint, upon which this action has proceeded since its inception, to include new allegations related to his claimed damages. See ECF No. 38, pg. 1. Plaintiff outlines the new allegations in his motion but does not include a complete proposed amended complaint. Attached to Plaintiff's motion instead are various documents purporting to support additional damages as a result of the conduct alleged in the original complaint.

Leave to amend will be denied for three reasons. First, it is not necessary to amend Plaintiff's complaint in order allege additional facts solely related to damages. If Plaintiff establishes liability, he will be permitted ample opportunity at trial to present evidence of any damages caused by Defendants' conduct. Second, Plaintiff has not provided the Court with a complete proposed amended complaint to evaluate. While not dispositive in this case because it is not necessary to evaluate Plaintiff's proposed amended complaint in order to address his motion, Defendants raise the point in their opposition and the Court notes the procedural defect. Third, there was a significant delay in seeking amendment. Plaintiff states that he first became aware of additional damages allegedly resulting from Defendants' conduct at a January 11, 2021, eye examination. See id. at 2. Plaintiff did not file the instant motion, however, until December 1, 2021 – nearly a year later. As with Plaintiff's failure to provide a proposed amended complaint, the issue of delay is not dispositive because amendment is unnecessary in the first place, as explained at the outset. Thus the Court issues this order prior to the expiration of time for Plaintiff to file a reply brief.

1 Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for leave to
2 amend, ECF NO. 38, is denied as unnecessary.

4 Dated: January 5, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3