1
2
3
4
5
6
7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   BRANDON MICHAEL LANDRETH,              No.  2:20-CV-0472-DMC-P

12                    Plaintiff,

13        v.                                ORDER

14   BHUPINDER LEHIL, et al.,

15                    Defendants.

16

17         Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion to compel discovery, ECF No.

19   31.

20

21                    **I.  SUMMARY OF DISCOVERY IN DISPUTE**

22         Plaintiff served written discovery requests on Defendants Carrick, Posson, Lehil,

23   and Nguyen.  Specifically, Plaintiff states that he served the following:

24         April 18, 2021          Requests for production of documents, set two, directed to
                                    Defendant Carrick
25
           May 6, 2021             Interrogatories, set one, and requests for admissions, set
26                                 one, directed to Defendants Posson, Carrick, Lehil, and
                                   Nguyen.
27   / / /

28   / / /

1

May 20, 2021       Requests for production of documents, set one, directed to Defendant Posson.

<u>See</u> ECF No. 31, pgs. 1-2.

While Plaintiff does not attach these discovery requests to his motion, he does attach Defendants' responses to his discovery requests, all of which were served on Plaintiff on June 29, 2021.  <u>See</u> <u>id.</u> at 63-144.

Plaintiff seeks an order compelling:  (1) Defendant Posson to serve supplemental responses and produce documents related to request for production nos. 1, 4, 5, 7, and 12; (2) Defendant Carrick to serve supplemental responses and produce documents related to request for production no. 1; (3) Defendant Posson to serve supplemental answers to interrogatory nos. 3, 4, 6, 17, and 18; (4) Defendant Posson to serve supplemental responses to request for admissions nos. 4, 7, 9, 11, 14, 22, and 25; (5) Defendant Carrick to serve supplemental answers to interrogatory nos. 3, 4, 5, 10, 15, and 20; (6) Defendant Carrick to serve supplemental responses to request for admissions nos. 2, 19, 22, and 24; (7) Defendant Lehil to serve supplemental answers to interrogatory nos. 9 13, and 19; (8) Defendant Lehil to serve supplemental responses to request for admissions nos. 1, 7, 8, and 20; (9) Defendant Nguyen to serve supplemental answers to interrogatory no. 14; and (10) Defendant Nguyen to serve supplemental responses to request for admissions nos. 3, 14, and 18.  <u>See</u> <u>id.</u> at 1-3.  Plaintiff's position as to each of these disputed discovery requests and Defendants' responses thereto is set forth in a 32-page meet-and-confer letter sent to Defendants' counsel on July 7, 2021, and attached to Plaintiff's motion.  <u>See</u> <u>id.</u> at 9-41.  Defendants' position is outlined in their opposition.  <u>See</u> ECF No. 33.

## II.  DISCUSSION

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."  <u>United States v. Chapman Univ.</u>, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

/ / /

2

1    permitted:

2
> Parties may obtain discovery regarding any nonprivileged information that
> is relevant to any party's claim or defense and proportional to the needs of
3
> the case, considering the importance of the issues at stake in the action, the
> amount in controversy, the parties' relative access to relevant information,
4
> the parties' resources, the importance of the discovery in resolving the
> issues, and whether the burden or expense of the proposed discovery
5
> outweighs its likely benefit.  Information within this scope of discovery
> need not be admissible in evidence to be discoverable.
6

7    Fed. R. Civ. P. 26(b)(1).

8              Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery

9    may move for an order compelling an answer, designation, production, or inspection."  Fed. R.

10   Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or

11   incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have

12   'broad discretion to manage discovery and to control the course of litigation under Federal Rule of

13   Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

14   Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

15             The party moving to compel bears the burden of informing the court (1) which

16   discovery requests are the subject of the motion to compel, (2) which of the responses are

17   disputed, (3) why the party believes the response is deficient, (4) why any objections are not

18   justified, and (5) why the information sought through discovery is relevant to the prosecution of

19   this action.  McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435,

20   2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS

21   PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

22             "Relevance for purposes of discovery is defined very broadly."  Garneau v. City of

23   Seattle, 147 F.3d 802, 812 (9th Cir. 1998).  "The party seeking to compel discovery has the

24   burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).

25   Thereafter, the party opposing discovery has the burden of showing that the discovery should be

26   prohibited, and the burden of clarifying, explaining or supporting its objections."  Bryant v.

27   Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D.

28   Cal. May 14, 2009) (internal citation omitted).

1    **A.      Discovery Served on Defendant Posson**

2              On May 6, 2021, Plaintiff served interrogatories, set one, and requests for

3    admissions, set one, on Defendant Posson.  Plaintiff served requests for production of documents,

4    set one, on Defendant Posson on May 20, 2021.  At issue are Defendant Posson's responses to

5    request for production nos. 1, 4, 5, 7, and 12, interrogatory nos. 3, 4, 6, 17, and 18, and request for

6    admissions nos. 4, 7, 9, 11, 14, 22, and 25.

7              1.      Requests for Production

8                      i.      No. 1

9              "Plaintiff requests that Defendant Posson produce any and all documents relied

10   upon in the determination of inmate-patients' eligibility for transition lenses, or tinted prescription

11   lenses."  ECF No. 31, pg. 83.  Defendant Posson responds, "Documents responsive to this request

12   are maintained in Plaintiff's medical file, which is available for inspection and copying in

13   accordance with the institution's policies and procedures."  Id.  The Court finds no basis to order

14   any further response.

15                     ii.     No. 4

16             "Plaintiff requests that Defendant Posson produce any and all documents—written

17   or electronic correspondence—from him to Defendant Ottenbacher concerning Defendant

18   Posson's expectations, or instructions, regarding the prescribing of transition lenses, progressive

19   lenses, or tinted prescription lenses, at Correctional Training Facility."  Id. at 83-84.  Posson

20   replies, "There are no documents responsive to this request."  Id. at 84.  The Court finds no basis

21   to order any further response.

22                     iii.    No. 5

23             "Plaintiff requests that Defendant Posson produce any and all documents listing, or

24   discussing, actual or potential clinical case exceptions for transition lenses, progressive lenses, or

25   tinted prescription lenses, relative to the policy referenced in Defendant Carrick's December 15,

26   2015 Memorandum []."  Id.  Posson replies, "There are no documents responsive to this request."

27   Id.  The Court finds no basis to order any further response.

28   / / /

1        iv.     No. 7

2        "Plaintiff requests that Defendant Posson produce any and all documents that serve

3  to clarify expectations—either from him or for him—relative to the implementation of the policy

4  referenced in the December 15, 2015 Memorandum from Defendant Carrick []."  Id.  Posson

5  replies, "There are no documents responsive to this request."  Id.  The Court finds no basis to

6  order any further response.

7        v.     No. 12

8        "Plaintiff requests that Defendant Posson produce any and all documents

9  discussing the policy referenced in Defendant Carrick's December 15, 2015 Memorandum

10  relative to eyeglass prescription lenses."  Id. at 85.  Posson responds, "There are no documents

11  responsive to this request."  Id.  The Court finds no basis to order any further response.

12        2.     Interrogatories

13        i.     No. 3

14        Plaintiff states, "To the best of your ability, please explain the criteria for transition

15  lenses as thoroughly as possible."  Id. at 64.  Plaintiff adds as a subpart, "Please name the

16  individual(s) by whom said criteria was developed."  Id. at 65.  Defendant Posson "objects to this

17  request on the grounds that it is compound and seeks information that is equally available to

18  Plaintiff."  Id.  Additionally, Defendant Posson provides, "Without waiving these objections, on

19  August 27, 2018, Plaintiff received an optometry consultation and the optometrist provided

20  education that transition lenses were not medically indicated."  Id.

21        Defendant's objections are overruled.  The interrogatory is not compound, nor is

22  the information equally available to Plaintiff.  Additionally, Defendant was not responsive to the

23  interrogatory.  Defendant Posson shall serve a supplemental response to interrogatory No. 3.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

5

1

ii.    No. 4

2        Plaintiff states, "Please describe any and all communication that you may have had

3   with Physician Advisor Ralph Delgado on the subject of herpes simplex virus keratitis (HSV

4   Keratitis) as a potential, or actual, clinical case exception prior to your denial of Plaintiff's request

5   for transition lenses." Id.  Defendant Posson responds that he "had no communication with Dr.

6   Delgado regarding the treatment of Plaintiff." Id.  The Court finds no basis to order any further

7   response.

8

iii.    No. 6

9        Plaintiff states, "Please explain why you do or do not believe pigmented/tinted

10  lenses are medically necessary for patients diagnosed with intermittent bilateral HSV keratitis."

11  Id. at 66.  Posson "objects to this request on the grounds that it is overly broad, presumes as true

12  facts that have not been established as true, lacks foundations, and is an incomplete hypothetical.

13  Posson also states, "Without waiving these objections, there are instances when such lenses may

14  be medically necessary for patients." Id.

15       Defendant's objections are overruled.  Plaintiff's interrogatory is not overly broad,

16  does not presume as true facts that have not been established, does not lack foundation, and is not

17  an incomplete hypothetical.  Defendant Posson adds that "there are instances when such lenses

18  may be medically necessary for patients."  However, Defendant does not "explain why" Plaintiff

19  believes that.  Defendant Posson shall serve a supplemental response to interrogatory No. 6.

20

iv.    No. 17

21       Plaintiff asks, "What kind of clarification, instruction, or correction did you give to

22  Defendant Ottenbacher relative to the implementation of the policy referenced in the December

23  15, 2015 Memorandum as concerns the prescribing of transition lenses?" Id. at 70.  Posson states

24  that he "did not speak with Dr. Ottenbacher regarding Plaintiff's treatment." Id. at 71.  The

25  potential communications that could be responsive to this interrogatory are not limited to

26  "speaking". As such, this Court finds the response incomplete and evasive, and orders Defendant

27  Ottenbacher to supplement this response with specifics of whether Defendant provided any

28  "Clarification, instruction or correction" to Plaintiff on the matters at issue.

1            v.      No. 18

2            Plaintiff asks, "To your knowledge, could damage, or scarring, caused by

3    untreated HSV keratitis cause the subject of said damage to see opaque spots of various shapes

4    and sizes in their field of vision?"  Id.  Plaintiff adds as a subpart, "Is it possible that such opaque

5    spots could be similar in appearance to floaters, from the perspective of the person suffering such

6    damage?"  Id.  Posson "objects to this request on the grounds that it is compound, is an

7    incomplete hypothetical, and seeks information that is equally available to Plaintiff."  Id.  Posson

8    adds, "Without waiving these objections, people diagnosed with HSV keratitis or prolonged

9    epithelial or disciform keratitis may lead to scarring and vascularization, and visual acuity may be

10   lost."  Id.

11           Defendant's objections are overruled.  Plaintiff's interrogatory does not seek

12   information that is equally available to Plaintiff.  However, the Court finds no basis to order any

13   further response.

14           3.      Requests for Admissions

15                   i.      No. 4

16           Plaintiff asks, "Do you admit that transition lenses help mitigate the pain and

17   suffering associated with extreme photophobia?"  Id. at 75.  Posson "objects to this request on the

18   grounds that it is an incomplete hypothetical, and calls for speculation."  Id.  Posson adds,

19   "Without waiving these objection [sic], responding party lacks sufficient information or belief to

20   either admit or deny this request, and denies it on that basis."  Id.

21           Defendant's objections are overruled.  Plaintiff's request is not an incomplete

22   hypothetical and does not call for speculation.  It also appears clear that Defendant has sufficient

23   information to admit or deny the request.  Therefore, Defendant Posson shall serve a

24   supplemental response to request for admission No. 4.

25   / / /

26   / / /

27   / / /

28   / / /

1     ii.  <u>No. 7</u>

2       Plaintiff asks, "Do you admit that the use of transition lenses limits a person's

3 exposure to UV light more than the use of untinted/unpigmented prescription lenses?" <u>Id.</u>

4 Posson "objects to this request on the grounds that it is an incomplete hypothetical, and calls for

5 speculation." <u>Id.</u> Posson adds, "Without waiving these objection [sic], responding party has

6 made a reasonable inquiry but the information known or readily obtained is insufficient to enable

7 him to admit or deny the request." <u>Id.</u>

8       Defendant's objections are overruled.  Plaintiff's request is not an incomplete

9 hypothetical and does not call for speculation.  Further, it appears clear that Defendant Posson

10 would have sufficient information to admit or deny the request.  Therefore, Defendant Posson

11 shall serve a supplemental response to request for admission No. 7.

12     iii.  <u>No. 9</u>

13       Plaintiff asks, "do you admit that a recurrence/flare-up of herpes simplex virus

14 keratitis is a serious medical need?" <u>Id.</u> at 76.  Posson "objects to this request on the grounds that

15 it is an incomplete hypothetical, and calls for speculation." <u>Id.</u> Posson adds, "Without waiving

16 these objection [sic], responding party has made a reasonable inquiry but the information known

17 or readily obtained is insufficient to enable him to admit or deny the request." <u>Id.</u>

18       Defendant's objections are sustained. The term "serious medical need" is

19 undefined and subject to varied interpretation, leaving the responding party to speculate as to

20 what is embraced by this reference. As such, Defendant Posson would not have sufficient

21 information to admit or deny the request.

22     iv.  <u>No. 11</u>

23       Plaintiff asks, "Do you admit that Plaintiff needed medical care if he reported

24 symptoms consistent with flare-up of his established diagnosis of intermittent bilateral HSV

25 keratitis?" <u>Id.</u> at 77.  Posson "objects to this request on the grounds that it is an incomplete

26 hypothetical, is vague as to the type of condition, disease, or recurrence, and calls for

27 speculation." <u>Id.</u> Posson adds, "Without waving these objection [sic], responding party has made

28 a reasonable inquiry but the information known or readily obtained is insufficient to enable him to

admit or deny the request." Id.  Defendant's objection is sustained based on the vagueness of the request.

     v.  <u>No. 14</u>

    Plaintiff asks, "Do you admit that refusing to verify a reported HSV keratitis flare-up is not reasonable grounds for withholding medical treatment?" Id.  Posson "objects to this request as unintelligible, and cannot answer this request as phrased." Id. at 78.  Defendant's objection is sustained due to the vagueness of the request.

     vi.  <u>No. 22</u>

    Plaintiff asks, "Do you admit that Acyclovir resistant HSV has been isolated from 64 percent of eyes with herpetic keratitis?" Id. at 80.  Posson "objects to this request on the grounds that it is unintelligible, and as phrased cannot be either admitted or denied." Id.  Defendant's objection is sustained for the request is unintelligible.

     vii.  <u>No. 25</u>

    Plaintiff asks, "Do you admit that failing to treat an active flare-up of bilateral HSV keratitis places the patient suffering said flare-up at a substantial risk of serious harm to their eyesight?" Id.  Posson "objects to this request on the grounds that it is an incomplete hypothetical, calls for speculation." Id. at 81.  Posson adds, "Without waiving these objections, responding party admits that untreated, SHV keratitis could cause corneal scarring, and in some cases, blindness.  However, a flare-up can also resolve without treatment.  Except as admitted, the request is denied." Id.

    Defendant's objections are overruled.  Plaintiff's request is not an incomplete hypothetical and does not call for speculation.  However, the Court finds no basis to order any further response.

    **B.**  **<u>Discovery Served on Defendant Carrick</u>**

    Plaintiff served requests for production of documents, set two, on Defendant Carrick on April 18, 2021.  On May 6, 2021, Plaintiff served interrogatories, set one, and requests for admissions, set one, on Defendant Carrick.  At issue are Defendant Carrick's responses to request for production no. 1, interrogatory nos. 3, 4, 5, 10, 15, and 20, and request for admission

1   nos. 2, 19, 22, and 24.

2           1.      Request for Production

3           "Plaintiff requests that Defendant Carrick produce any and all documents

4   presented and/or discussed at the California Correctional health Care Services (CCHCS)

5   Headquarters Durable Medical Equipment (DME) Committee on October 26, 2015 pertaining to

6   eyeglass prescription lenses." Id. at 107.  Defendant Carrick replies, "Responding party is not in

7   possession, custody, or control of documents responsive to this request." Id.  The Court finds no

8   basis to order any further response.

9           2.      Interrogatories

10          i.      No. 3

11          Plaintiff provides that he "was denied transition lenses as a direct and proximate

12  result of the policy referenced in the December 15, 2015 Memorandum, despite his diagnosis of

13  intermittent bilateral HSV keratitis." Id. at 88.  Plaintiff continues, "In this particular case, was

14  said policy (i.e. that 'Prescriptions for "progressive lens" and "transition lens" are rarely

15  medically necessary and therefore, would be viewed as a Title XV exclusion.') implemented as

16  you intended it to be implemented?" Id.  Defendant Carrick objects "to this request on the

17  grounds that it misstates the record, presumes as true facts that have not been established as true,

18  lacks foundation, and is vague as to the date of the order and who issued the order that prohibited

19  transition lenses." Id. at 89.  Carrick adds, "Without waiving these objections, and assuming that

20  Plaintiff is referring to the order issued by Dr. Ottenbacher on April 27, 2018, nothing in the

21  record show [sic] that transition lenses were ordered for Plaintiff and denied.  It appears the

22  doctor believed that sunglasses would suffice." Id.  Defendant's objections are sustained for the

23  interrogatory presuming as true facts that have not been established as true and for vagueness.

24          ii.     No. 4

25          Plaintiff asks, "To what extent, if any, were you involved in the making of the

26  policies referenced in your December 15, 2015 Memorandum?" Id.  Carrick "objects to his

27  request on the grounds that is it [sic] vague as to what policies Plaintiff is referring, when they

28  were issued, by whom, and who was affected by the change in policy.  As phrased, responding

10

1   party cannot answer this request." Id.  Defendant's objection is sustained for vagueness.

2                                  iii.     No. 5

3          Plaintiff asks, "Who is responsible or [sic] ensuring CDCR optometrists'

4   compliance with the policy referenced in your December 15, 2015 Memorandum?"  Id.  Carrick

5   "objects to this request on the grounds that it was not policy, but a memorandum advising that

6   transition lenses are generally not medically necessary, but they can be prescribed when a

7   determination has been made that an inmate/patient needs such lenses."  Id.  Defendant's

8   objection is overruled.  However, the Court finds no basis to order any further response to this

9   interrogatory.

10                                 iv.      No. 10

11         Plaintiff states, "Please identify what clinical case exceptions have been

12  established for transition lenses."  Id. at 90.  Plaintiff adds as a subpart, "Briefly explain why

13  transition lenses are medical [sic] necessary for each of the identified clinical case exceptions."

14  Id.  Carrick responds, "There are no clinical case exceptions as the determination to prescribe

15  transition lenses in [sic] made on a case by case basis, and is left to the medical judgment of

16  Plaintiff's treating physicians."  Id. at 91.  The Court finds no basis to order any further response

17  to this interrogatory.

18                                  v.      No. 15

19         Plaintiff asks, "In your professional opinion, is a Doctor of Optometry or a Doctor

20  of Osteopathy more qualified to determine whether or not transition lenses are medically

21  necessary for a patient?"  Id. at 92.  Carrick "objects to this request on the grounds that it is an

22  incomplete hypothetical, and calls for speculation."  Id.  Carrick adds, "Without waiving these

23  objections, responding party cannot answer this request as phrased."  Id.

24         Defendant's objections are sustained.

25                                 vi.      No. 20

26         Plaintiff states, "Please explain the rationale that led to the development of the

27  policy referenced in your December 15, 2015 Memorandum, requiring that recommending

28  optometrists and ophthalmologists route any requests regarding transition lenses to the Chief

                                         11

1   Medical Executive for review and determination of medical necessary, if any." Id. at 94.  Carrick

2   replies, "In accordance with CDCR Health Care policies and procedures, all accommodations are

3   submitted for review." Id.  Defendant's reply is unresponsive.  Defendant Carrick shall serve a

4   supplemental response to interrogatory No. 20.

5               3.      Requests for Admissions

6                   i.      No. 2

7           Plaintiff asks, "Do you admit that the redacted portion of the Memorandum . . .

8   reads as follows:  "'. . . Physician Advisor Ralph Delgado, MD at Ralph Delgado @

9   CDCR.ca.gov . . .'?" Id. at 97.  Carrick "objects to this request on the grounds that the

10  information requested has been deemed privileged by the California Correctional Health Care

11  Services, therefore the information was redacted before being provided to Plaintiff in response to

12  his Public Records Act request, and it is not relevant to the claims or defenses of this action." Id.

13  Plaintiff states, "For these reasons, the request is denied."  Id.  Defendant's objection is sustained.

14                  ii.     No. 19

15          Plaintiff asks, "Do you admit that, all else being equal, a physician who has

16  personally spoken to and examined a patient is more qualified to determine their medical needs, if

17  any, than a physician who has never spoken to or examined the patient?" Id. at 103.  Carrick

18  "objects to this request on the grounds that it is compound, not a plain statement of fact that can

19  be easily admitted or denied, and is an incomplete hypothetical." Id.  Carrick adds, "Without

20  waiving these objections, responding party has made a reasonable inquiry but the information

21  known or readily obtained is insufficient to enable him to admit or deny the request." Id.

22          Defendant's objections are sustained as the request is vague and presents an

23  incomplete hypothetical

24                  iii.    No. 22

25          Plaintiff asks, "Do you admit that, as a result of the policy referenced in your

26  December 15, 2015 Memorandum, an institutions' Chief Medical Executive, who has never

27  examined a patient, may deny the request/recommendation of an optometrist or ophthalmologist

28  that transition lenses be prescribed to a patient for whom they believed such lenses were

medically necessary following their examination of said patient?"  Id. at 104.  Carrick "objects to

this request on the grounds that it is an incomplete hypothetical, is vague as to whom or which

institution Plaintiff is referring, as and to the word 'they,' and is compound."  Id.  Carrick adds,

"Without waiving these objections, responding party has made a reasonable inquiry but the

information known or readily obtained is insufficient to enable him to admit or deny the request."

Id.

           Defendant's objections are sustained.

iv.     <u>No. 24</u>

           Plaintiff asks, "Do you admit that the policy referenced in your December 15,

2015 Memorandum is being implemented by the Chief Medical Executives at some institutions in

such a way so as to constitute a blanket denial of any and all requests for transition lenses?"  Id. at

105.  Carrick "objects to this request on the grounds that it is an incomplete hypothetical, is vague

as to which Chief Medical Executives, which institutions, and why the transition lenses were

denied."  Id.  Carrick adds, "Without waiving these objections, responding party has made a

reasonable inquiry but the information known or readily obtained is insufficient to enable him to

admit or deny the request."  Id.  Defendant's objection is sustained for Plaintiff's request being

vague.

**C.**       **<u>Discovery Served on Defendant Lehil</u>**

           On May 6, 2021, Plaintiff served interrogatories, set one, and requests for

admissions, set one, on Defendant Lehil.  At issue are Defendant Lehil's responses to

interrogatory nos. 9, 13, and 19, and request for admission nos. 1, 7, 8, and 20.

1.     <u>Interrogatories</u>

i.     <u>No. 9</u>

           Plaintiff asks, "How many lawsuits have been filed against you since you became

a medical doctor?"  Id. at 113.  Defendant Lehil "objects to this request on the grounds that it is

overly broad as to time and subject matter as not all lawsuits related to treatment of conditions

such as Plaintiff's."  Id.  Defendant's objection is sustained for Plaintiff's interrogatory being

overly broad.

13

1          ii.      No. 13

2          Plaintiff states, "Please explain why Plaintiff was not temporarily transferred to the

3    Outpatient Housing Unit, so that Viroptic could be properly stored and administered, as a result of

4    the reported HSV keratitis recurrence reported on 10-19-19 via 7362 Form."  Id. at 114.  Lehil

5    responds, "Plaintiff was transferred from C-yard to E-yard where the Viroptic eye drops would be

6    kept in the refrigerator and dispensed when ordered to control a flare up."  Id.  The Court finds no

7    basis to order any further response.

8          iii.     No. 19

9          Plaintiff asks, "Have you ever consulted the peer-reviewed online medical journal

10   'Up to Date' in order to expand your knowledge, and/or aid you in the diagnosis and treatment of

11   your patients' medical conditions?"  Id. at 116.  Plaintiff adds two subparts:  (1) "If so, have you

12   utilized the aforementioned journal to research medical facts and/or research relative to herpes

13   simplex keratitis?" and (2) "In your opinion, is the peer-reviewed medical journal 'Up to Date' a

14   respectable and reliable source of information and contemporary medical research?"  Id.  Lehil

15   "objects to this request on the grounds that it is overly broad as to time and subject matter,

16   compound, and not relevant to the claims or defenses of this matter.  Id.  Defendant's objection as

17   to the compound form is sustained.

18          2.      Requests for Admissions

19          i.      No. 1

20          Plaintiff asks, "Do you admit to seeing Plaintiff on 7-1-19 for his interfacility

21   transfer appointment?"  Id. at 120.  Plaintiff adds two subparts:  (1) "If so, do you admit that

22   Plaintiff stressed the importance of establishing a chronic care plan for his recurrent herpes

23   simplex virus (HSV) keratitis to ensure that Viroptic was kept on hand and a means by which to

24   administer them, as they require refrigeration?" and (2) "If so, do you admit that you assured

25   Plaintiff that you would look over his file—in particular, the chronic care plan instated by Dr.

26   Roselle Branch, Plaintiff's former Primary Care Provider—and develop said plan?"  Id.  Lehil

27   "objects to this request on the grounds that it is compound, and is not relevant to the claims or

28   defenses of this matter."  Id.  Lehil adds, "Without waiving these objections, and based on

14

Plaintiff's medical records, responding party admits that he saw Plaintiff on July 1, 2018 for an interfacility transfer, an [sic] 7362 eye exam, and to discuss Plaintiff's labs and diet." Id.

Defendant's objections as to the compound form of the request is sustained. Additionally, Defendant's reply to Plaintiff's request is complete.

ii.   No. 7

Plaintiff asks, "Do you admit that Plaintiff received no treatment for the HSV keratitis recurrence for which he was seen by the ER Nurse on 8-24-19?" Id. at 121. Plaintiff adds as a subpart, "If so, do you admit that Plaintiff would have likely received treatment had you developed a plan for storing and administering Viroptic?" Id. at 122. Lehil "objects to this request on the grounds that it is compound and not a plain statement of fact that can be easily admitted or denied." Id. Lehil adds, "Without waiving these objections, and to the extend [sic] Plaintiff is asking if he was denied all treatment HSV keratitis before August 24, 2019, responding party admits that Plaintiff was not treated as Plaintiff did not report an active case or flare-up before that date. Except as admitted, the request is denied." Id. Defendant's objection is sustained for Plaintiff's request not being plain enough to admit or deny.

iii.   No. 8

Plaintiff asks, "Do you admit the genuineness of the following Cerner document, a copy of which is attached: 'trifluridine ophthalmic' [and] Patient Education Material[?]" Id. Lehil "objects to this request on the ground that there was no identifiable document attached to these requests. Thus, responding party has made a reasonable inquiry but the information known or readily obtained is insufficient to enable him to admit or deny the request." Id. The Court finds no basis to order any further response.

iv.   No. 20

Plaintiff asks, "Do you admit the genuineness of the following document, a copy of which is enclosed: 'Herpes simplex keratitis from website "Up to Date"?'" Id. at 125. Lehil states, "Responding party cannot either admit or deny this request on the grounds that the document is not known to responding party, and therefore cannot be authenticated by the responding party." Id. The Court finds no basis to order any further response.

**D.**  **Discovery Served on Defendant Nguyen**

On May 6, 2021, Plaintiff served interrogatories, set one, and requests for admissions, set one, on Defendant Nguyen.  At issue are Defendant Nguyen's responses to interrogatory no. 14 and request for admission nos. 3, 14, and 18.

1.  Interrogatory

Plaintiff states, "Please describe what kind(s) of damage to the eyes could potentially result from untreated HSV keratitis infections."  Id. at 132.  Nguyen "objects to this request on the grounds that it is [sic] calls for speculation.  Id.  Defendant Nguyen adds, "Without waiving this objections [sic], responding party is unaware that Plaintiff suffered any long-term damage to his right eye as a result of waiting two days for treatment."  Id.

Defendant's objection is overruled.  Plaintiff's interrogatory simply asks what damage could occur for untreated HSV keratitis infections.  Additionally, Defendant Nguyen's reply is unresponsive.  Defendant Nguyen shall serve a supplemental response to interrogatory No. 1.

2.  Requests for Admissions

i.  No. 3

Plaintiff asks, "Do you admit that you discontinued Viroptic on 4-17-2018 when you learned that they required refrigeration?"  Id. at 138.  Defendant Nguyen denied.  Id.  The Court finds no basis to order any further response.

ii.  No. 14

Plaintiff asks, "Do you admit that you made no effort to inform Plaintiff that you had discontinued his Viroptic prescription on 4-17-2018 and that no treatment for the HSV keratitis flare-up he reported on 4-11-2018 would be forthcoming?"  Id. at 141.  Defendant Nguyen "objects to this request on the grounds that it presumes as true facts that have not been established as true, is argumentative, compound, and not a plain statement of fact that cannot be admitted or denied."  Id.  Nguyen adds, "Without waiving these objections, responding party did not discontinue Plaintiff's prescription of Viroptic on April 17, 2018. The remainder of the request is denied."  Id.  Defendant's objections are sustained.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iii.    No. 18

Plaintiff asks, "Do you admit that by discontinuing Plaintiff's Viroptic on 4-17-2018 and refusing to comply with Defendant Ottenbacher's recommendation to dispense said eye drops on 4-20-2018, you disregarded a substantial risk of serious harm to the Plaintiff's eyes?" Id. at 142.  Nguyen "objects to this request on the grounds that it presumes as true facts that have not been established as true, call for a legal conclusion, and is not a plain statement of fact that can be easily admitted or denied." Id.  Nguyen adds, "Without waiving these objections, the request is denied." Id.  Defendant's objections are sustained for presuming facts that have not been established and for calling for a legal conclusion.

/ / /

## III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to compel further responses to interrogatories, requests for admissions, and requests for production of documents is granted in part and denied in part consistent with the foregoing.

2.    Defendants shall serve supplemental responses as follows:

Defendant Posson

a.    Defendant Posson shall serve supplemental responses to interrogatories No. 3, 6, and 17.

b.    Defendant Posson shall serve a supplemental responses to requests for admission No. 4 and 7.

.

Defendant Carrick

a.    Defendant Carrick shall serve a supplemental response to interrogatory No. 20.

Defendant Nguyen

a.  .  Defendant Nguyen shall serve a supplemental response to interrogatory No. 1.

1          3.      Defendants' supplemental responses as ordered above shall be served

2 within 30 days of the date of this order.

3

4 Dated:  February 11, 2022

5                                                _____

6                                                DENNIS M. COTA
                                                UNITED STATES MAGISTRATE JUDGE