**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON MICHAEL LANDRETH, | No. 2:20-CV-0472-DMC-P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| BHUPINDER LEHIL, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second motion, ECF No. 47, for leave to file a first amended complaint. Defendants have filed an opposition, ECF No. 51.[1]

Plaintiff first sought leave to amend on December 1, 2021. <u>See</u> ECF No. 38. In that motion, Plaintiff sought leave to amend to allege new facts related to his claimed damages. <u>See id.</u> Specifically, Plaintiff states that he first learned of the new facts at an eye examination which occurred on January 11, 2021 – after the action was filed. <u>See id.</u> at 2. Plaintiff did not provide the Court with a proposed first amended complaint at the time he first sought leave to

/ / /

/ / /

---

[1] The Court's March 31, 2022, order at ECF No. 59, which incorrectly indicated that Defendants had <u>not</u> filed an opposition, will be vacated as having been issued in error.

1

amend. In denying Plaintiff's motion, the Court stated:

> Leave to amend will be denied for three reasons. First, it is not necessary to amend Plaintiff's complaint in order allege additional facts solely related to damages. If Plaintiff establishes liability, he will be permitted ample opportunity at trial to present evidence of any damages caused by Defendants' conduct. Second, Plaintiff has not provided the Court with a complete proposed amended complaint to evaluate. While not dispositive in this case because it is not necessary to evaluate Plaintiff's proposed amended complaint in order to address his motion, Defendants raise the point in their opposition and the Court notes the procedural defect. Third, there was a significant delay in seeking amendment. Plaintiff states that he first became aware of additional damages allegedly resulting from Defendants' conduct at a January 11, 2021, eye examination. See id. at 2. Plaintiff did not file the instant motion, however, until December 1, 2021 – nearly a year later. As with Plaintiff's failure to provide a proposed amended complaint, the issue of delay is not dispositive because amendment is unnecessary in the first place, as explained at the outset.

ECF No. 45, pg. 2.

In the currently pending renewed motion for leave to amend, Plaintiff seeks to amend for the same reasons as before – to include new allegations as to damages based on facts learned at the January 11, 2021, eye examination. <u>See</u> ECF No. 47. Plaintiff also seeks leave to attach additional documents to his pleading related to these damages. <u>See id.</u> Unlike the prior motion, the current motion is accompanied by a proposed first amended complaint. <u>See</u> ECF No. 48. In their opposition to Plaintiff's renewed motion for leave to amend, Defendants argue that Plaintiff has not been diligent in seeking amendment. <u>See</u> ECF No. 51. Defendants also argue that they would be prejudiced by amendment because Plaintiff's deposition has already been taken and they would likely be required to re-take Plaintiff's deposition to explore the new damages allegations. <u>See id.</u>

As with Plaintiff's prior motion, the current motion will be denied as unnecessary. Additionally, Defendants' contention regarding delay is well-taken. Plaintiff has not explained why he waited almost a year after the January 11, 2021, eye examination to seek amendment.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's March 31, 2022, order at ECF No. 59 is vacated as having been issued in error;

2. Plaintiff's renewed motion for leave to amend, ECF No. 47, is denied; and

3. The first amended complaint filed at ECF No. 48 is stricken;

4. This action continues to proceed on Plaintiff's original complaint;

5. The Court's March 31, 2022, order at ECF No. 60, directing Plaintiff to submit documents for service of the first amended complaint on Defendant Ottenbacher is also vacated given the Court's determination that the first amended complaint be stricken;

6. By separate order issued herewith, the Court will direct Plaintiff to submit documents for renewed attempts by the United States Marshal at service of the original complaint on Defendant Ottenbacher; and

7. The modified schedule for this case at ECF No. 46 is suspended.

Dated: April 8, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE