IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MICHAEL LANDRETH, | No. 2:20-CV-0472-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| BHUPINDER LEHIL, et al., | |
| Defendants. | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 73.

       The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff provides the following reasons supporting the appointment of counsel: (1) his case has merit, (2) he is indigent, (3) he is incarcerated with limited access to legal resources and medical research, (4) he lacks legal training and familiarity with the proceedings, and (5) he may have developed carpal tunnel syndrome affecting his writing abilities. See ECF No. 73, pgs. 2, 5.

Unfamiliarity with the judicial process and a lack of access to legal resources do not constitute exceptional circumstances but present a common impediment most inmate litigants face. Additionally, at this stage of the proceedings, after Plaintiff's previous dispositive motions were declined by the Court, the Court cannot say that Plaintiff has established any particular likelihood of success on the merits. With the exception of issuance of a discovery and scheduling order, nothing has changed since the last time the Court addressed Plaintiff's request for appointment of counsel. Moreover, Plaintiff's file, especially the instant motion for appointment of counsel, demonstrates his adequate ability to articulate his claims. Finally, it does not appear that Plaintiff's claim, which involves an Eight Amendment medical care matter, is either factually or legally complex. Regarding the medical difficulties he is experiencing with his writing hand, Plaintiff has not presented sufficient facts which articulate "exceptional circumstances" at this time and the advanced diagnosis needs yet to be confirmed.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 73, is denied.

Dated: June 9, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE