IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MICHAEL LANDRETH, | No. 2:20-CV-0472-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| BHUPINDER LEHIL, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's: (1) motions relating to service of process on Defendants Ottenbacher, ECF Nos. 75 and 85; (2) motions relating to discovery propounded to Defendants Posson, Carrick, and Lehil, ECF Nos. 66, 69, 81, 95, 97; (3) motion for appointment of an expert witness, ECF No. 74; and (4) motion for modification of the Court's pre-trial scheduling order, ECF No. 69. The Court herein addresses Plaintiff's motion for appointment of an expert witness. Plaintiff's other motions will be addressed separately.

Plaintiff seeks appointment of an expert witness to assist with his case. See ECF No. 74. Defendants oppose. See ECF No. 76. As Defendants correctly note, while the Court may appoint an expert witness to assist the Court should such appointment be warranted in the exercise of the Court's discretion, the Court may not appoint an expert witness to advocate for one party or another. See, e.g., Khademi v. North Kern State Prison, No. 1:21-cv-01261 DAD

1

1  SKO, 2022 WL 1400716 at * 3 (May 2, 2022, E.D. Cal.); <u>Dillingham v. Garcia</u>, No. 1:18-cv-00579 NONE-EPG, 2020 WL 2770075 at * 2 (E.D. Cal., May 28, 2020), <u>citing</u> <u>Faletogo v. Moya</u>, No. 12-cv-631 GPC (WMC), 2013 WL 524037 at *2 (S.D. Cal., Feb. 12, 2013) (Rule 706(a) does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties); <u>Gamez v. Gonzalez</u>, No. 08-cv-1113-MJL-PCL, 2010 WL 2228427, at *1 (E.D. Cal. June 3, 2010) (same); <u>Walker v. Woodford</u>, No. 05-cv-1705 LAB-NLS, 2008 WL 793413, at *2 (S.D. Cal. March 24, 2008) (same).

Here, Plaintiff states that he seeks an expert witness to counter anticipated defense evidence. As explained above, the Court may not appoint an expert for this purpose. Further, to the extent Plaintiff seeks appointment of an expert to assist the Court, the motion is premature as discovery remains open. The Court will re-visit the issue should it be warranted at a later stage of the proceedings depending on the issues and evidence presented at the time. In the meantime, Plaintiff's request for the appointment of an expert witness will be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for appointment of an expert, ECF No. 74, is denied.

Dated:  February 1, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE