IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MICHAEL LANDRETH,<br><br>Plaintiff,<br><br>v.<br><br>BHUPINDER LEHIL, et al.,<br><br>Defendants. | No.  2:20-CV-0472-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are Plaintiff's: (1) motions relating to service of process on Defendants Ottenbacher, ECF Nos. 75 and 85; (2) motions relating to discovery propounded to Defendants Posson, Carrick, and Lehil, ECF Nos. 66, 69, 81, 95, 97; (3) motion for appointment of an expert witness, ECF No. 74; and (4) motion for modification of the Court's pre-trial scheduling order, ECF No. 69.  The Court herein addresses Plaintiff's motion relating to service of process on Defendant Ottenbacher.  Plaintiff's other motions will be addressed separately.

/ / /

/ / /

/ / /

/ / /

1

Plaintiff has filed the following motions relating to service of process on Defendant Ottenbacher:

ECF No. 75   Plaintiff's motion for appointment of an investigator – Plaintiff seeks an order appointing a private investigator to assist with obtaining additional information for service of process on Defendant Ottenbacher.  Defendants have not filed an opposition to this motion.

ECF No. 85   Plaintiff's motion to resolve controversy – Plaintiff asks the Court to resolve the issue of lack of service of process on Defendant Ottenbacher.  Plaintiff has filed two documents labeled "addendum" in support of this motion.  See ECF Nos. 92 and 100.  Defendants have filed a response to Plaintiff's second "addendum."  See ECF No. 101.

All named defendants – except Defendant Jonovan Ottenbacher – have been served and have answered the original complaint.  The following timeline summarizes proceedings as to Defendant Ottenbacher:

| Date | Event |
|---|---|
| November 20, 2020 | The Court determined service of Plaintiff's original complaint was appropriate for all defendants.  See ECF No. 13. |
| November 11, 2020 | The Office of the Attorney General filed notice of its intention not to accept and waive service on behalf of Defendant Ottenbacher, a former prison eye doctor.  See ECF No. 16. |
| August 13, 2021 | Service of process returned unexecuted by the United States Marshal's Service as to Defendant Ottenbacher.  See ECF No. 32.  At this time, personal service was not attempted.  See id. |
| September 22, 2021 | Service of process again returned unexecuted by the United States Marshal's Service as to Defendant Ottenbacher.  See ECF No. 35.  Based on the notes included with the return-of-service form, the United States Marshal's Service attempted service through Defendant Ottenbacher's counsel, who indicated that he did not need to accept service on behalf of Ottenbacher.  See id.  It also appears that personal service was not attempted.  See id. |
| December 29, 2021 | The Court directed Plaintiff to provide the Court any additional information in his possession which might assist with service on Defendant Ottenbacher.  See ECF No. 43. |

/ / /

/ / /

| | | |
|---|---|---|
| April 25, 2022 | | Based on additional information received from Plaintiff, the Court directed the United States Marshal's Service to effectuate service of process on Defendant Ottenbacher. See ECF No. 67. The order specifically directed the United States Marshal's Service to personally service process if a waiver of service could not be obtained. See id. |

The Court's docket does not reflect any further action relating to service of process on Defendant Ottenbacher since the April 25, 2022, order was issued. Specifically, Defendant Ottenbacher has not waived service of process and the United States Marshal's Service has not filed a return of service indicating that personal service was been attempted. The latest email response from the United States Marshal's Service to requests for status from the Office of the Clerk of Court indicates that service has not been accomplished because Defendant Ottenbacher's counsel will not sign a waiver of service on his client's behalf. Further informal requests for status made to the United States Marshal's Service by this Court have gone unanswered as of the date of this order.

Turning first to Plaintiff's motion for appointment of an investigator to facilitate service of process on Defendant Ottenbacher, that motion will be denied as unnecessary. As outlined above, the Court has already directed the United States Marshal's Service to perform this function and to serve process, by personal service if required.

Turning to Plaintiff's motion to resolve the issue of service of process on Defendant Ottenbacher, that motion will be granted insofar as the Court will direct the United States Marshal's Service to show cause in writing why personal service has not been attempted on Defendant Ottenbacher as previously ordered

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for appointment of an investigator, ECF No. 75, is denied;

2.  Plaintiff's motion to resolve controversy, ECF No. 85, is granted to the extent the Court herein orders the United States Marshal's Service to show cause;

3.  The United States Marshal's Service is ordered to show cause in writing within 14 days of the date of this order and to explain what attempts have been made to

personally serve Defendant Ottenbacher pursuant to the Court's April 25, 2022, order and, if no such attempts have been made, to explain why sanctions should not be imposed for lack of compliance with that order;

       4.     The Clerk of the Court is directed to serve a copy of this order on the United States Marshal's Service.

Dated: February 2, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE