IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MICHAEL LANDRETH,<br><br>Plaintiff,<br><br>v.<br><br>BHUPINDER LEHIL, et al.,<br><br>Defendants. | No.  2:20-CV-0472-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are Plaintiff's motions relating to discovery propounded to Defendants Carrick and Lehil.  Defendants oppose.  See ECF Nos. 95, 97 & 96, 98.

**I.  SUMMARY OF PENDING DISCOVERY MOTIONS**

The following summarizes the pending motions relating to discovery and relief requested in each:

ECF No. 95    Plaintiff's motion to compel discovery – Plaintiff seeks an order compelling further discovery responses from Defendants Carrick and Lehil.  Defendants oppose Plaintiff's motion.  ECF No. 96 ("Motion 1").

ECF No. 97    Plaintiff's motion to compel discovery – Plaintiff seeks an order compelling further discovery responses from Defendant Carrick.  Defendants oppose Plaintiff's motion.  ECF No. 98 ("Motion 2").

## II. DISCUSSION

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.  Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envt'l Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited,

and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

      **A.**      <u>**Motion 1 (ECF No. 95)**</u>

Plaintiff seeks an order compelling further discovery responses and documents from Defendants Carrick and Lehil in response to Plaintiff's separate Requests for Production No. 1 served on each defendant. For the reasons set forth below, the Court **grants in part and denies in part** Plaintiff's Motion 1.

      1.      <u>Defendant Carrick</u>

**Request for Production No. 1:** Plaintiff requests that Defendant Jeffrey Carrick produce any and all (current) Durable Medical Equipment (DME) Guidelines for <u>Non</u>-Formulary Items relating to prescription eyeglasses, including but not limited to the guidelines for the prescribing of CR-39 Plastic transitions lenses, polycarbonate lenses (clear, transitions, and other), high index lenses, colored lenses (pink, grey, green, and other), and lens coatings (UV 400, scratch coat, and anti-reflect coat). (Emphasis in original).

ECF No. 95, pg. 7.

**Defendant Carrick's response:** Defendant will comply with the request and produce all responsive documents in his possession, custody or control. (Attachment One).

ECF No. 96, pgs. 2-3.

Plaintiff asserts that he was "only provided with the DME Guidelines for the Non-Formulary items specified in the request" and that "all . . . are available to Plaintiff in the institution's law library." ECF No. 95, pg. 3. Plaintiff's primary argument is that the documents produced by Defendant Carrick did not include the guidelines for the prescribing any of the types of lenses identified. See id., pgs. 3-4. According to Plaintiff, these documents must exist because Dr. Sanders asked for the criteria used for prescribing transition lenses be added to the DME guidelines; thus, there must be criteria established in order for those criteria to be added. See id., pg. 4-5. Plaintiff is "almost certain that the existing DME Guidelines for Non-Formulary Items contains references to eyeglasses," as the "vast majority of said eyeglass prescriptions are non-formulary and are referenced as options on all CDCR eyeglass prescription pads." Id., pgs. 4-5.

Defendant Carrick argues that a search was conducted and those sections of the CCHCS Health Care Department Operations Manual that were responsive to Plaintiff's request were produced.  See ECF No. 96, pgs. 3, 10-74, 77-78.  Defendant Carrick further asserts that, other than the documents produced, no other responsive documents were located.  See id.  Defendant Carrick contends "the providers are put in a difficult position because they do not know what the criteria for prescribing transitions lenses are"—"not that the criteria exist and are available to the providers." ECF No. 96, pg. 3.  Thus, according to Defendant Carrick, Plaintiff has failed to demonstrate that additional responsive documents exist.  See id.

The Court finds a supplemental response is required.  Rule 34 requests may be used to inspect documents, tangible things, or land in the possession, custody, or control of another party. A party is deemed to have control over documents if he or she has a legal right to obtain them.  Allen v. Woodford, No. CVF051104OWWLJO, 2007 WL 309945, at *6 (E.D. Cal. Jan. 30, 2007), modified on reconsideration, No. 1:05-CV-1104 OWW NEW, 2007 WL 9747771 (E.D. Cal. Mar. 16, 2007) (quoting In re Flag Telecom Holdings, Ltd. Sec. Litig., 236 F.R.D. 177, 181 (S.D.N.Y.2006) (rejecting the defendant's argument that documents belonged to his employer and holding "employees are permitted to utilize the documents in the course of employment, as they must in order to perform their jobs, and therefore [defendant] has the practical ability to obtain them")).

A party responding to a document request is under an affirmative duty to seek information reasonably available to him from his employees, agents, or others subject to his control, not just that information within his immediate knowledge or possession.  Meeks v. Parsons, No. 1:03–cv–6700–LJO–GSA, 2009 WL 3003718, *4, (E.D. Cal. Sept. 18, 2009); Courts have assumed that a party has "control of documents in the possession of another and ordered the party to produce relevant documents. See Zackery v. Stockton Police Dep't, No. CIV S–05–2315 MCE DAD P, 2007 WL 1655634, *3-4, (E.D. Cal. June 7, 2007) ("directing" counsel for defendants to obtain and produce records in possession of current employer, the Stockton Police Department).

///

1         A party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery.  Perkins v. City of Modesto, No. 119CV00126LJOEPG, 2020 WL 1333109, at *9 (E.D. Cal. Mar. 23, 2020) (finding party has obligation to exercise due diligence and make a reasonable inquiry to determine whether responsive documents exist).  Based on that inquiry, a party responding to a request for production is under "'an affirmative duty to seek that information reasonably available' to it and make an appropriate production of responsive documents.'"  Hartline v. Nat'l Univ., No. 2:14-CV-00635-KJM-AC, 2018 WL 1014611, at *3 (E.D. Cal. Feb. 22, 2018) (quoting Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992); Kaur v. Alameida, 2007 WL 1449723, *2 (E.D. Cal. May 15, 2007) (ordering defendants to conduct additional research for responsive documents and reminding defendants and counsel "of their duty under Rule 34 to conduct a diligent search and reasonable inquiry in effort to obtain responsive documents").

         If no responsive documents or tangible things exist, the responding party should so state with sufficient specificity to allow a court to determine whether the party made a reasonable inquiry and exercised due diligence.  Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010); Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012) ("A party must make a reasonable inquiry to determine whether responsive documents exist, and if they do not, the party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.").  If responsive documents exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.  Ochotorena v. Adams, No. 1:05–cv–01525–LJO–DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).

         Defendant Carrick responded that he would produce all responsive documents in his possession, custody or control and provided a declaration from S. Malan declaring that, as Litigation Coordinator for CCHCS, she supervised a search of CCHCS records concerning any and all (current) Durable Medical Equipment (DME) Guidelines for "Non-Formulary Items" and

provided those responsive documents to the Office of the Attorney General for review and production. Defendant Carrick produced a document entitled "Durable Medical Equipment and Medical Supply Formulary"; however, Plaintiff specifically requested "any and all (current) Durable Medical Equipment (DME) Guidelines for **Non**-Formulary Items" (emphasis added). Based on the title alone, it appears the document provided is not responsive to Plaintiff's request.

On that basis, the Court **grants** Plaintiff's Motion 1 as to Plaintiff's Request for Production No. 1. Defendant Carrick is ordered to (1) produce responsive documents to this request, to the extent such documents exist; (2) supplement his response with such information as defendant has, if any, as to who has possession, custody, or control of such documents so that Plaintiff may act accordingly, and if such document exist, or (3) supplement his response to indicate that after a reasonable and diligent inquiry, no such documents exist because they never existed or have been destroyed. Defendant Carrick shall serve further responses to this request within thirty days of the date of this order.

2. Defendant Lehil

> **Request For Production No. 1:** Plaintiff requests that Defendant Bhupinder Lehil produce any and all correspondence, written or electronic, sent to, or received from Dr. Waheed Ibrahimi on October 28, 2019 and October 29, 2019 regarding inmate-patient Brandon Landreth (Plaintiff), CDCR # AG7347.
>
> **Defendant Lehil's response:** Objection. The request includes emails with attachments referring to third-party inmates which violates their privacy. A privilege log of documents withheld and/or redacted is attached. Without waiving these objections, all responsive correspondence, written or electronic, sent to or received from Dr. Ibrahimi concerning Plaintiff on the dates specified will be produced, with the names of third party inmates redacted. . . .
>
> ECF No. 96, pgs. 3-4.

Plaintiff argues that Defendant Lehil has "conspicuously" failed to provide the emails requested. ECF No. 95, pg. 2. Plaintiff contends that during an examination of Plaintiff's eyes, Dr. Ibrahimi "assured Plaintiff that he would e-mail Defendant Lehil immediately" about his observations. Id. Thereafter, according to Plaintiff, Defendant Lehil "confirmed receipt of Dr. Ibrahimi's correspondence at Plaintiff's follow-up appointment" on November 12, 2019, but Plaintiff admits such correspondence could have been in the form of an e-mail, text message, or

handwritten note. Id.

Defendant Lehil argues that a search of CCHCS records of any and all correspondence, written or electronic, sent to, or received from, Dr. Ibrahimi on October 28, 2019, and October 29, 2019, regarding Plaintiff was performed and those responsive documents were produced. See ECF No. 96, pgs. 4 & 77-78. Defendant Lehil also asserts that any third-party information attached to those emails were redacted to protect the privacy interests of those individuals. See id. Therefore, according to Defendant Lehil, all responsive documents to this request have been produced. See ECF NO. 96, pg. 4. Defendant Lehil further argues that Plaintiff's assertions that an email exchange exists between Dr. Ibrahimi and Plaintiff's primary care provider regarding Plaintiff are unsupported. See id.

The Court finds no further response is required as Defendant Lehil has responded to Plaintiff's request. As a preliminary matter, Defendant Lehil's objection that Plaintiff's request violates third party privacy rights is moot as Defendant Lehil has produced such records in redacted form and provided a privilege log. Next, Defendant Lehil has stated those documents responsive to this request have been produced. Presumably, Defendant Lehil has produced all responsive documents and there is nothing for the Court to compel. Baker v. Moore, No. 1:12-cv-00126-LJO-SAB, 2016 WL 796504, at *6 (E.D. Cal. Mar. 1, 2016) ("Defendant cannot be compelled to provide copies of documents that do not exist."); Lopez v. Florez, No. 1:08-CV-01975 - LJO, 2013 WL 1151948, at *3 (E.D. Cal. Mar. 19, 2013) (finding court cannot force a party to produce documents he does not have); see also McGinnis v. Atkinson, No. 1:11–cv–01337 LJO JLT (PC), 2012 WL 1944801, at *3 (E.D. Cal. May 29, 2012) (denying motion to compel where defendant responded it had provided all responsive documents).

Moreover, signed discovery responses are certifications that, to the best of the person's knowledge, information and belief formed after a reasonable inquiry, the responses are correct. See Fed. R. Civ. P. 26(g)(1)(B); Logtale, Ltd. v. IKOR, Inc., 2013 WL 3967750, at *2 (N.D. Cal. 2013) (requiring counsel to be "proactive in ensuring that his clients are conducting thorough and appropriate document searches"). To the extent that Defendant Lehil learns that such information exists, he is under an obligation to supplement his responses. See Fed. R. Civ. P.

26(e)(1) ("A party who has . . . responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . if the party learns that in some material respect the . . . response is incomplete or incorrect. . . .").

Mere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge sufficient responses. See e.g., Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. 2007). Discrepancies between facts and evidence is not a basis to compel a further response or to attempt to force a party to change a response; rather, it is fodder for a party to attempt to impeach a witness or to contradict testimony at trial and/or dispositive motion. See Jacobs v. Quinones, No. 1:10-CV-02349-AWI-JL, 2015 WL 3717542, at *8 (E.D. Cal. June 12, 2015); Hoffman v. Jones, No. 2:15-CV-1748-EFB P, 2017 WL 5900086, at *8 (E.D. Cal. Nov. 30, 2017), report and recommendation adopted, No. 215CV1748MCEEFBP, 2018 WL 497370 (E.D. Cal. Jan. 22, 2018).

Therefore, no further response to this request is required by Defendant Lehil and Plaintiff's Motion 1 as to request for production of documents, set four, number 1 is **denied**.

**B.      Motion 2 (ECF No. 97)**

Plaintiff seeks an order compelling further discovery responses and documents from Defendant Carrick in response to Plaintiff's Requests for Productions Nos. 1 and 2. It appears from the Parties' submissions that only one email is in dispute: a February 15, 2022 email from Defendant Carrick to Dr. Grace Song, along with its attachment. See ECF Nos. 97, pg. 1 & 98, pg. 1. The email at issue is presumably responsive to the following document requests:

> **Request For Production No. 1**: Plaintiff requests that Defendant Carrick produce any and all e-mails or text messages that he received (and any subsequent responses from him) regarding the prescribing of, or criteria for prescribing of, transition lenses and tinted/colored prescription lenses from July 27, 2015 to present.
>
> **Defendant Carrick's response:** Objection. The request is overly broad as to time, unduly burdensome, and is not proportional to the needs of the case. The request violates the attorney-client privilege as to communications between the Defendant and his counsel, and violates the deliberative process privilege as to drafts of policies concerning prescribing transition lenses. The request also violates the privacy rights of third-party inmates as to emails concerning

8

transition lenses prescribed to them. A privilege log of documents withheld and/or redacted is attached. Without waiving these objections, all unprivileged emails received by the Defendant between July 27, 2015 and the present are being produced. (Attachment One.)

**Request For Production No. 2**: Plaintiff requests that Defendant Carrick produce a copy of his e-mail to Grace Sory on February 15, 2022, at 1:59 pm (and any subsequent responses to said e-mail) in which only the absolute minimum redactions (e.g. third party inmate's name & CDCR number) are made to protect the third-party inmate's privacy rights.

**Defendant Carrick's response**: Objection. Producing a complete copy of the email violates the attorney-client privilege as to communications between the Defendant and his counsel. The request also is unduly burdensome as a copy of this email previously was produced. Without waiving this objection, the unprivileged portions of this email will be produced. (Attachment Two.)

ECF No. 98, pgs. 2-3.

Plaintiff states that the motion concerns only one "specific email in question," which is not covered by the attorney-client privilege, deliberative process privileged and does not concern third party inmates. See ECF No. 97, pg. 2. Plaintiff principally alleges that, with regard to the deliberative process privilege, any finalized memorandum has not been produced, but would be responsive to Plaintiff's prior requests. See id. Plaintiff describes how the purported draft memorandum (entitled "prescription and issuance of progressive transitional lenses - 2.15.2022") is temporally linked to program changes in the Optometry department in mid-February 2022; thus, a final memorandum must have been issued, but not produced. See id., pgs. 3-4. If the memorandum and the changes in the Optometry department are "definitively related," according to Plaintiff, then "the email constitutes official CDCR policy," which is neither covered by the deliberative process privilege nor are comments made regarding official memos." Id., pg. 3. Plaintiff further contends that the email does not describe the attachment as a "draft" memorandum at all, but describes it merely as a "memorandum." Id. Plaintiff then requests that, if any portions of the attachment are privileged, those portions be redacted and the remainder of the memorandum be produced. See id., pgs. 3-4.

/ / /

Defendant Carrick primarily asserts that producing the February 15, 2022, email, unredacted, violates the attorney-client privilege because it contains communications between him and his counsel, and producing the attachment violates the deliberative process privilege because it contains input by Dr. Song, indicating the memorandum was "in the draft stage." ECF No. 98, pgs. 3-4.

The Court finds with respect to Defendant Carrick's objections as follows:

1. <u>Overly broad as to time, unduly burdensome, and is not proportional to the needs of the case.</u>

As to Defendant Carrick's objections that the request is overly broad as to time, unduly burdensome, and is not proportional to the needs of the case, those objections are overruled. The Court will not address those objections because they were not briefed by Defendant Carrick in his opposition brief. See Bosley v. Valasco, No. 114CV00049MJSPC, 2016 WL 1704159, at *5 (E.D. Cal. Apr. 28, 2016), modified, No. 114CV00049MJSPC, 2016 WL 2756590 (E.D. Cal. May 12, 2016) (finding defendant waived objections by failing to provide reasons for the objections in opposition brief, as required under Federal Rule of Civil Procedure 34(b)(2)(B)).

2. <u>Privacy rights of third-party inmates.</u>

Defendant Carrick's objection that producing the email in dispute would violate the privacy rights of third-party inmates is overruled. Like above, Defendant Carrick did not brief this objection in his opposition brief; thus, the Court declines to consider it now.

3. <u>Attorney-client privilege.</u>

With respect to Defendant Carrick's objection as to attorney-client privilege, that objection is overruled. The Supreme Court has long noted that privileges are disfavored. Jaffee v. Redmond, 518 U.S. 1, 9 (1996). "The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988). Privileges are to be "strictly construed" because they "impede full and free discovery of the truth." Eureka Fin. Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D. 179, 183 (E.D. Cal. 1991). "If the privilege is worth protecting, a litigant must be

prepared to expend some time to justify the assertion of the privilege." Id.

The attorney client privilege protects confidential communications between a client and an attorney from disclosure when it is "necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney." See Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992). Attorney-client privilege exists when the following elements are found:(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived. In re Grand Jury Investigation, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992); United States v. Ruehle, 583 F.3d 600, 608 (9th Cir. 2009).

The critical factor, here, is waiver of the protection. Voluntary disclosure of a privileged communication to a third person destroys attorney-client confidentiality and constitutes a waiver of the privilege. Clady v. Cty. of Los Angeles, 770 F.2d 1421, 1433 (9th Cir. 1985), cert. denied, 475 U.S. 1109 (1986); Weil v. Inv./Indicators, Rsch. & Mgmt., Inc., 647 F.2d 18, 24 (9th Cir. 1981); U.S. v. Landof, 591 F.2d 36, 38 (9th Cir. 1978); Bittaker v. Woodford, 331 F.3d 715, 719 (9th Cir. 2003) ("An express waiver [of attorney-client privilege] occurs when a party discloses privileged information to a third party who is not bound by the privilege . . . ."); Regents of Univ. of Cal. v. Affymetrix, Inc., 326 F.R.D. 275 (S.D. Cal. 2018) (Inclusion of third-party business associate on email waived attorney-client privilege with respect to email attachment). "Where communications between a client and attorney have been disclosed to a third party, the burden is on the party asserting the privilege to show that it applies despite that disclosure." Anderson v. SeaWorld Parks & Ent., Inc., 329 F.R.D. 628, 632 (N.D. Cal. 2019).

Defendant Carrick admits the February 15, 2022 email containing the purportedly privileged information was forwarded to Dr. Song by him and that it was "an inadvertent disclosure of attorney-client communication." ECF No. 98, pg. 3. Defendant Carrick claims that "appropriate steps have been taken to address this disclosure, including the redaction of the email requested by Plaintiff," but provides no facts as to what other "appropriate" steps were taken or

11

why such disclosure to Dr. Song does not waive the privilege. Id. Simply keeping the information from Plaintiff does not change the disclosure to a third-party or reassert that privilege. Therefore, because the email containing the attorney-client communication was forwarded to a third party and Defendant Carrick has provided no reason why such disclosure should not be considered a waiver, Defendant Carrick has waived the attorney-client privilege communication in the February 15, 2022 email. Defendant Carrick's objection as to attorney-client privilege is **overruled**.

                4.      Deliberative process privilege.

The deliberative process privilege permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated. See F.T.C. v. Warner Commc'ns Inc., 742 F.2d 1156, 1161 (9th Cir. 1984). The purpose of the privilege is to promote open discussion among those responsible for making governmental decision, and to protect against premature disclosure of proposed agency policies or decisions. See id.; NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975).

To qualify, a document must meet two requirements. Warner Commc'ns Inc., 742 F.2d at 1161. First, it must have been generated before the adoption of an agency's policy or decision. See Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir.1980). Second, the document must be deliberative in nature—meaning it must contain opinions, recommendations, or advice about agency policies. See id. Documents that contain only purely factual material are not protected. Warner Commc'ns Inc., 742 F.2d at 1161.

The deliberative process privilege is a qualified privilege and a litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure. Thomas v. Cate, 715 F. Supp. 2d 1012, 1026 (E.D. Cal. 2010), order clarified, No. 1:05CV01198LJOJMDHC, 2010 WL 797019 (E.D. Cal. Mar. 5, 2010). Among the factors to be considered in making this determination are: (1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion

regarding contemplated policies and decisions. See Warner Commc'ns Inc., 742 F.2d at 1161.

Plaintiff argues the email and the title of the attachment both reference said attachment as "memorandum" and not "draft memo" and that, just because Dr. Song stated that she reviewed the memorandum and gave input doesn't necessarily indicate the memorandum was in the draft stage. See ECF No. 99, pgs. 6-7. Plaintiff asserts that "comments are frequently made regarding official memoranda" without said input being construed as advisory in nature. Id., pg. 6. Plaintiff also claims that, if the memorandum was indeed a draft, the finalized memorandum should have been produced by Defendant Carrick in response to Plaintiff's discovery requests, but wasn't. See id., pg. 7. Plaintiff seeks either the production of the purportedly draft memorandum on the basis that it is not a draft, or a copy of the finalized memorandum. See id.

Defendant Carrick argues that the memorandum meets the deliberative process privilege requirements based on the declaration of Dr. Song. See ECF No. 98, pgs. 3-4. Dr. Song declares that she reviewed the draft memorandum and included her comments, which reflected the "processes and deliberations of the Headquarters Durable Medical Committee in developing an organizational position concerning prescriptions for progressive lenses and transition lenses." ECF No. 98, pgs. 7-8.

As the Court has not reviewed the memorandum at issue, it is unable to determine whether the deliberative process privilege is applicable and whether any comments by Dr. Song were advisory or factual in nature. Furthermore, Defendant Carrick states only that "th[e] email demonstrates on its face that this version of the memorandum was prepared before a final version had been prepared and contains her input as to the contents of the final version" but provides no other information regarding its preparation or status of the final memorandum. ECF No. 98, pgs. 3-4. For the same reasons, the Court is unable to determine whether Plaintiff's need for the materials overrides the government's interest in non-disclosure. Therefore, Defendant Carrick shall submit under seal the memorandum at issue for *in camera* review within seven days of the date of this order. Thereafter, the Court will issue a finding with respect to Motion 2.

/ / /

/ / /

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery, ECF No. 95, is **granted in part** and **denied in part**, as follows:

   a. The Court **grants** Plaintiff's motion as to Plaintiff's Request for Production No. 1.  Defendant Carrick is ordered to: (1) produce responsive documents to this request, to the extent such documents exist; (2) supplement his response with information as to who has possession, custody, or control of such documents so that Plaintiff may act accordingly, if such document exist, or (3) supplement his response to indicate that after a reasonable and diligent inquiry, no such documents exist because they never existed or have been destroyed. Defendant Carrick shall serve further responses to this request within thirty days of the date of this order.

   b. The Court **denies** Plaintiff's motion to compel further responses from Defendant Lehil to Request for Production number 1.

2. Defendant Carrick shall submit under seal the memorandum at issue for *in camera* review within seven days of the date of this order.  Thereafter, the Court will issue a finding with respect to ECF No. 97.

Dated:  April 7, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

14