IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MICHAEL LANDRETH,<br><br>Plaintiff,<br><br>v.<br><br>BHUPINDER LEHIL, et al.,<br><br>Defendants. | No.  2:20-CV-00472-DMC-P<br><br><br><br>ORDER |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

   Pending before the Court is Plaintiff's motion relating to discovery requests propounded on Defendant Carrick.  <u>See</u> ECF No. 97.  Plaintiff seeks an order compelling further discovery responses and documents from Defendant Carrick in response to Plaintiff's Requests for Productions Nos. 1 and 2.  ECF No. 97.  Defendant opposes Plaintiff's motion.  ECF No. 98.

   In dispute is a memorandum attached to a February 15, 2022, email from Defendant Carrick to Dr. Grace Song.  The Court previously overruled Defendant Carrick's objections that the requests at issue were overly broad as to time, unduly burdensome, and not proportional to the needs of the case and violated the privacy rights of third-party inmates.  <u>See</u> ECF No. 110.  The Court also found that because the email at issue containing attorney-client communication was forwarded to a third party and Defendant Carrick provided no reason why

1  such disclosure was not a waiver, Defendant Carrick waived the attorney-client privileged
2  communication contained in the February 15, 2022 email. See id.
3      With respect to Defendant Carrick's objection that the production of the attached
4  memorandum violated the deliberative process privilege, the Court ordered an *in camera* review
5  so it could ascertain whether such privilege was appropriate. See id. The Court previously
6  detailed the Parties' positions regarding the deliberative process privilege and will not repeat
7  those here. See id., pgs. 8-13.
8      For the following reasons, Plaintiff's motion is **granted** with respect to Plaintiff's
9  Requests for Productions Nos. 1 and 2 as to Defendant Carrick.
10
11     **II.  DISCUSSION**
12     The deliberative process privilege permits the government to withhold documents
13 that reflect advisory opinions, recommendations and deliberations comprising part of a process
14 by which government decisions and policies are formulated.  See F.T.C. v. Warner Commc'ns
15 Inc., 742 F.2d 1156, 1161 (9th Cir. 1984). The purpose of the privilege is to promote open
16 discussion among those responsible for making governmental decisions, and to protect against
17 premature disclosure of proposed agency policies or decisions. See id.; NLRB v. Sears, Roebuck
18 & Co., 421 U.S. 132, 150 (1975).
19     To qualify, a document must meet two requirements. Warner Commc'ns Inc., 742
20 F.2d at 1161.  First, it must have been generated before the adoption of an agency's policy or
21 decision. See Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980)
22 (noting satisfaction of the first factor is determined by whether the document is "pre-
23 decisional").  Second, the document must be deliberative in nature—meaning it must contain
24 opinions, recommendations, or advice about agency policies. See id. (determining whether the
25 document reflects the give-and-take of the consultative process). "Documents which are
26 protected by the privilege are those which would inaccurately reflect or prematurely disclose the
27 views of the agency, suggesting as agency position that which is as yet only a personal position."
28 Id.  Whereas, documents that contain only purely factual material are not protected. Warner

Commc'ns Inc., 742 F.2d at 1161.

The Court has reviewed the memorandum attached to the February 15, 2022 email and finds that the deliberative process privilege does not apply. It is clear that the authors, and Dr. Song, neither investigated nor drafted this memorandum before the December 15, 2015, memorandum regarding transition lenses. Thus, the memorandum is neither pre-decisional nor reflects the personal positions of the writers, as the December 15, 2015, memorandum authored by Defendant Carrick already sets forth the official policy on transitions lenses. Therefore, because the memorandum does not meet the first requirement set forth in F.T.C. v. Warner Commc'ns Inc., 742 F.2d 1156 (9th Cir. 1984), the Court need not address whether the memorandum contains opinions, recommendations, or advice about agency policies or whether a qualified privilege applies.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel discovery, ECF No. 97, is **granted**. Defendant Carrick shall serve further responses to Plaintiff's Requests for Productions Nos. 1 and 2 and produce the memorandum within 30 days of the date of this order. The Clerk of the Court is directed to terminate ECF No. 97 as a pending motion.

Dated:  May 15, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3