IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MICHAEL LANDRETH, | No. 2:20-CV-0472-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| BHUPINDER LEHIL, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion, ECF No. 113, seeking an order "to exclude affirmative defenses and evidence related to said defense" and appointing counsel.

Plaintiff challenges two specific affirmative defenses raised in Defendant Ottenbacher's answer filed on April 7, 2023, ECF No. 109.  Specifically, Plaintiff challenges affirmative defense no. 3, in which Defendant Ottenbacher claims that Plaintiff's own conduct contributed to his damages, and affirmative defense no. 4, in which Defendant Ottenbacher claims that Plaintiff failed to mitigate his damages.  According to Plaintiff, the evidence necessary to establish these defenses, such as evidence of his mental status or failure to comply with medical directives, would be more prejudicial than probative and would cause humiliation and embarrassment.  Plaintiff also states that, should be Court deny this motion, it should appoint counsel.

1

As Defendants note in their opposition to Plaintiff's challenge to affirmative defenses, the defenses of comparative fault and failure to mitigate are recognized as valid defenses in § 1983 actions. See e.g. Meyers v. City of Cincinatti, 14 F.3d 1115, 1119 (6th Cir. 1994). To the extent Plaintiff argues that evidence should be excluded, the Court agrees with Defendants that the motion is essentially a premature motion in limine better suited for consideration at a later stage of these proceedings prior to trial.

Turning to Plaintiff's request for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. First, this case is still in the early stages of discovery and Plaintiff has not shown that he has any particular likelihood of success on the merits. Second, the issues presented in this case are neither legally nor factually complex, notwithstanding Plaintiff's contention that he is unable to present the issue of potential exclusion of evidence prior to trial without the assistance of counsel. In this regard, and third, the Court finds that Plaintiff's filings in this case, including the currently pending motion, demonstrate that Plaintiff has a sufficient ability to articulate his

claims and arguments on his own.

    Accordingly, IT IS HEREBY ORDERED as follows:

    1. To the extent Plaintiff seeks exclusion of evidence related to affirmative defenses, Plaintiff's motion, ECF No. 113, is DENIED without prejudice to renewal prior to trial following resolution of dispositive motions.

    2. To the extent Plaintiff seeks the appointment of counsel, Plaintiff's motion, ECF No. 113, is DENIED.

Dated: August 22, 2023

                       _____
                        DENNIS M. COTA
                        UNITED STATES MAGISTRATE JUDGE