IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MICHAEL LANDRETH, | No. 2:20-CV-0472-KJM-DMC-P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| BHUPINDER LEHIL, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion to compel Defendant Ottenbacher to provide a supplemental response to Plaintiff's interrogatory no. 8.[1] <u>See</u> ECF No. 130. Defendants have filed an opposition. <u>See</u> ECF No. 132.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." <u>United States v. Chapman Univ.</u>, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

///

///

---

[1] Plaintiff has filed a separate motion to compel related to a redacted email from Defendant Ottenbacher. Defendants' request for in camera review related to that dispute is addressed in a separate order issued herewith.

1

permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Under Rule 37, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). Rule 37 also requires the moving party to meet and confer with the opposing party. See Fed. R. Civ. P. 37(a)(1).

Plaintiff seeks an order compelling a supplemental response to interrogatory no. 8 propounded to Defendant Ottenbacher, which asks:

> Please explain why, in your professional opinion, 1 drop of Viroptic every four hours while awake for 12 days is, or is not, adequate medical treatment for an active HSV Keratitis recurrence.

ECF No. 130.

Defendant Ottenbacher responded as follows:

> Based on his experience, this dosage may not be "adequate medical treatment "because Viroptic is toxic to the cornea and may cause damage to the cornea, and also can be difficult to store. Acylovir may be more appropriate because is not toxic and easier to store.

ECF No. 132, pg. 2.

Plaintiff first argues that a supplemental response should be ordered because the question concerns the appropriate treatment dosage and not the doctor's opinion. This argument is unpersuasive given that Plaintiff's interrogatory specifically asks for a "professional opinion," which Defendant Ottenbacher provided in the context of the particular dosage specified in the interrogatory.

The remainder of Plaintiff's argument seems to stem from a disagreement with Defendant Ottenbacher's response, particularly as to what dosage would be appropriate. This does not provide a basis to order a supplemental response. See Hardy v. Davis, No. 2:13-cv-0726 JAM DB, 2017 U.S. Dist. LEXIS 14138 at * 2-3 (E.D. Cal. 2017), reconsideration denied 2017 U.S. Dist. LEXIS 154547 (E.D. Cal. 2017).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel, ECF No. 130, is DENIED.

Dated:  June 12, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE