IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MICHAEL LANDRETH, | No. 2:20-CV-0472-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| BHUPINDER LEHIL, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court Plaintiff's motion to compel, ECF No. 125. Also before the Court is Defendants' motion to seal, ECF No. 135.

This action proceeds on Plaintiff's original complaint as to his Eighth Amendment medical care claims against Defendants Lehil, Carrick, Posson, Nguyen, and Ottenbacher. See ECF No. 13. Pursuant to the Court's July 31, 2023, discovery and scheduling order, discovery closed on March 29, 2024. See ECF No. 121. The deadline to file dispositive motions has been vacated pending resolution of Plaintiff's motion to compel. See ECF No. 133.

Turning first to Plaintiff's motion to compel, Plaintiff served his first set of interrogatories, requests for admissions, and requests for production of documents on Defendant Ottenbacher on August 2, 2023. See ECF No. 125, pg. 12 (proof of service). Defendant Ottenbacher responded to Plaintiff's requests for admissions on September 15, 2023. See ECF

1

1  No. 126, pgs. 8-17 (Exhibit A).  Defendant Ottenbacher served responses to Plaintiff's requests
2  for production of documents and produced documents on September 18, 2023.  See id. at 19-47
3  (Exhibit B).

4  On September 19, 2023, Plaintiff sent a letter to defense counsel inquiring about
5  outstanding discovery responses.  See ECF No. 125, pg. 13.  Specifically, Plaintiff stated that he
6  had only received answers to three of the 25 interrogatories served on Defendant Ottenbacher.
7  See id.  In response, defense counsel acknowledged that complete responses had not been
8  provided and agreed to serve supplemental responses, addressing all of Plaintiff's interrogatories,
9  by October 13, 2023.  See ECF No. 126, pg. 46 (Exhibit E).  Defendant Ottenbacher served
10 supplemental responses, without objections, on October 6, 2023.  See id. at 34-47 (Exhibit D).

11 The currently pending motion to compel, filed on the Court's docket on October
12 10, 2023, was served by Plaintiff on October 4, 2023 – two days prior to service of Defendant
13 Ottenbacher's supplemental response to Plaintiff's interrogatories.  See id. at 15 (proof of service).
14 Plaintiff does not argue that Defendant Ottenbacher's responses to Plaintiff's requests for
15 admissions or requests for production of documents are insufficient.  Instead, Plaintiff asks the
16 Court to order Defendant Ottenbacher to respond to his interrogatory nos. 4-25.  Given that
17 Defendant Ottenbacher has now responded to all of Plaintiff's interrogatories, without objection,
18 Plaintiff's motion will be denied as moot.  See Romero v. L.H. Herrera Income Tax & Ins, 2021
19 U.S. Dist. LEXIS 201561 at *4-5 (C.D. Cal. 2021).

20 Turning next to Defendants' motion to seal, the motion seeks an order permitting
21 the filing under seal of an unredacted copy of a May 7, 2019, email from Defendant Ottenbacher
22 to Dr. Pajong.  See ECF No. 135.  A redacted copy has been provided to Plaintiff in response to
23 Plaintiff's request for production of documents no. 9.  Though no formal motion to compel a
24 further response to request for production no. 9 has been filed, the parties have agreed, and the
25 Court has ordered, that an in camera review of the May 7, 2019, email is appropriate to resolve
26 the dispute short of a formal motion.  See ECF No. 133.

27 / / /

28 / / /

In request for production no. 9, Plaintiff asks: "Plaintiff requests that defendant Ottenbacher produce any and all documents that pertain to his efforts to obtain permission to prescribe transition lenses, or tinted prescription lenses." ECF No. 126, pg. 23 (Exhibit B). Defendant Ottenbacher responded as follows:

> Objection. The request is vague and ambiguous in that it is unclear whether it refers only to Plaintiff or refers to third-party inmate-patients. The request also is overbroad as to time. To the extent that this request refers to third-party inmate-patients, the request is overbroad, unduly burdensome, and not proportional to the needs of the case in that it requires the responding party to search all files of every inmate-patient he has treated to determine if eligibility for transition lenses or tinted prescription lenses was an issue. The request also violates the privacy rights of non-party inmate-patients in violation of California Constitution, Art. I, § 1, Civil Code sections 56, 1798.24 and 1798.40, and California Code of Regulations Title, 15 section 3999, et seq. Without waiving these objections, the responding party will produce all unprivileged responsive documents in his possession, custody and control. (Attachments 1 and 2.)

Id.

With his response, Defendant Ottenbacher provided a privilege log indicating that documents responsive to request no. 9 were being withheld and/or redacted because they relate to medical records of third-party inmate patients. See id. at 25. A redacted copy of the May 7, 2019, email was provided.

In his response to Defendants' request for in camera review, which the Court has granted, Plaintiff attaches the redacted copy of the May 7, 2019, email at issue which was provided in response to request for production no. 9. See ECF No. 129, pgs. 6-7. The redacted email provided to Plaintiff reflects that the email was sent from Defendant Ottenbacher to Dr. Pajong on May 7, 2019. See id. The email is two pages long, the majority of which has been redacted. See id. The unredacted portion reads as follows:

> Hi doctor!
>
> Just a few optometry points.
>
> [redacted]
>
> 5. We also can no longer order Transition lenses. If a patient is light sensitive, and has a medical or ocular reason for it (say, a surgically dilated pupil), we can order the lenses with a tint.
>
> [redacted]

> Thanks! And if you have any questions, in general or about specific patients, especially if you think it might be an emergency, feel free to email or call me; I don't mind being interrupted at any time. I'm at SVSP [Salinas Valley State Prison] on most Mondays and Wednesdays and CTF [California Training Facility] most Tuesdays, Thursdays, and Fridays, although sometimes the days get switched around.
>
> - Jonovan Ottenbacher, OD

Id. at 6-7.

An unredacted version of the May 7, 2019, email has been provided to the Court.

In their request for in camera review, Defendants argue:

> The redacted portions of the May 7, 2019, email pertain to workload and scheduling issues in the optometry department in May 2019, well after the encounters with Dr. Ottenbacher at issue in this case, which occurred between April 13, 2017, and August 27, 2018 (ECF No. 1 at 15:9-20:21, 22:24-25:1), procedures for obtaining reading glasses and broken or lost glasses, and processes for addressing dry eyes. Plaintiff asserts no claims concerning excessive delay in treatment by Dr. Ottenbacher in 2019, and the other Defendants in this case do not work in the optometry department. Plaintiff makes no claims concerning reading glasses or the replacement of broken or lost glasses, or experiencing dry eye syndrome. (*See generally* ECF No. 1.) Therefore, the redacted portions of the email are not relevant to the claims and defenses at issue in this case and are beyond the scope of discovery under Federal Rule of Civil Procedure 26(b)(1), and the entire email should not be produced.

ECF No. 127, pgs. 2-3.

The Court has reviewed the unredacted email and agrees with Defendant that it is largely not relevant to the issues presented in this case. One redacted section, however, is relevant and should be disclosed, specifically a portion on the second page at point no. 6 regarding dry eye complaints. This portion is relevant because, in response to Plaintiff's request for admission no. 10 in which Dr. Ottenbacher admitted, without a relevance objection, that reduced tear film can potentially result from repeated HSV keratitis recurrences. See ECF No. 129, pg. 4. The redacted portion at point 6 does not relate specifically to any third-party inmate patients or otherwise disclose confidential information. To the extent Plaintiff alleges reduced tear film or dry eye as an element of his damages, the Court finds that the portion of the May 7, 2019, email delineated as point no. 6 should be disclosed in response to Plaintiff's request for production no. 9. Given that it is not necessary that the May 7, 2019, email be filed, Defendants'

request to file under seal will be denied as unnecessary.

    Accordingly, IT IS HEREBY ORDERED as follows:

    1. Plaintiff's motion to compel, ECF No. 125, is denied as moot.

    2. Within 7 days of the date of this order, Defendant Ottenbacher shall serve a supplemental response to Plaintiff's request for production no. 9 and produce a copy of the May 7, 2019, email with the paragraph identified as point no. 6 unredacted.

    3. Except for the discovery ordered above, discovery in this action remains closed.

    4. Defendants' request to file under seal, ECF No. 135, is denied as unnecessary.

    5. The parties shall file dispositive motions within 90 days of the date of this order.

Dated: August 29, 2024

                 _____
                  DENNIS M. COTA
                  UNITED STATES MAGISTRATE JUDGE